**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KYLE REINHARDT,

               Plaintiff,                 Civil Action No.: _____

     v.

GUIDEHOUSE, INC.,
PRICEWATERHOUSECOOPER LLP, and
KIM CIRKA,

               Defendants.

**NOTICE OF REMOVAL**

Defendants Guidehouse Inc. ("Guidehouse") and Kim Cirka ("Cirka" and, together with Guidehouse, the "Defendants"), by and through their respective undersigned counsel, hereby remove the above-captioned action from the Superior Court of the District of Columbia, where it is pending, to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendants state as follows:

1.      On February 2, 2022, Plaintiff, Kyle Reinhardt ("Plaintiff"), commenced an action against Defendants and PricewaterhouseCoopers LLP (incorrectly named in the Complaint as "PricewaterhouseCooper LLP") ("PwC") in the Superior Court of the District of Columbia captioned *Kyle Reinhardt v. Guidehouse, Inc., PricewaterhouseCooper, LLP, & Kim Cirka* (the "Superior Court Action"), alleging claims of discrimination and retaliation under the District of Columbia Human Rights Act ("DCHRA"), battery, intentional infliction of emotional distress, breach of contract, and a failure to pay wages under the District of Columbia Wage Payment and Collection Act ("DCWPCA"). Attached hereto as Exhibit A are the process, pleadings, and orders from the Superior Court.

1

2.      By joining PwC as a defendant in the Superior Court Action, Reinhardt made his initial Complaint incapable of being removed to federal court on diversity grounds, as Reinhardt is a resident of the District of Columbia and PwC is a limited liability partnership with partners in the District of Columbia.

3.      On April 21, 2022, Plaintiff filed a voluntary notice of dismissal under D.C. Superior Court Civil Rule 41(a)(1)(A)(i), dismissing PwC from the Superior Court Action.  As PwC had not yet served an answer or moved for summary judgment, Plaintiff effected the dismissal of PwC upon the filing of his notice of dismissal, without court order.   D.C. Super. Ct. R. 41(a)(1)(A)(i).

4.      This action only became removable after the dismissal of PwC.  Defendants now timely remove.

## LEGAL STANDARD

5.      Removal is governed by 28 U.S.C. § 1441.  A defendant may remove a case to federal court when there is diversity of citizenship.  28 U.S.C. § 1441(b).  Removal based on diversity jurisdiction requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs.  *Id*. § 1332.

6.      As set forth below, this Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

## I.      COMPLETE DIVERSITY OF CITIZENSHIP IS SATISFIED

7.      This Court has original jurisdiction over this action because, among other reasons, this is an action between citizens of different states.  *Id*. § 1332(a)(1).

8.      Plaintiff is and, ever since the Superior Court Action commenced, has been a citizen of the District of Columbia.  (Compl. ¶ 15.)

9.      Cirka is and, ever since the Superior Court Act has commenced, has been a citizen of the State of Virginia.  (*Id.* ¶ 17.)

10.     Guidehouse is and, ever since the Superior Court Action has commenced, has been a Delaware corporation with its principal place of business at 1676 International Drive, McLean, Virginia 22102.  28 U.S.C. § 1332(c)(1); (Decl. of Jennifer Moltzan (hereinafter, "Moltzan Decl.") ¶ 3 (attached hereto as Ex. B)).

11.     Thus, there is complete diversity.

## II.     THE AMOUNT OF CONTROVERSY EXCEEDS $75,000

12.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

13.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  If that allegation is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 88.  Once a defendant carries this burden, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

14.     While Defendants firmly believe Plaintiff's claims are without merit and Plaintiff is not entitled to, and will not recover, any damages of any kind, there is ample evidence that the amount in controversy exceeds $75,000.

15.     Indeed, Plaintiff alleges, among other claims, that Guidehouse's purported failure to pay him three months' salary as severance constitutes a breach of his employment agreement and a failure to pay him all wages owed under the DCWPCA.  For these counts, Plaintiff seeks, among other damages, three months of salary as severance and "liquidated damages equal to

treble" his alleged unpaid severance under D.C. Code section 32-1308. (Compl. ¶¶ 13, 114, 160, 165–167.)

16.     At the time of his termination of employment from Guidehouse on September 23, 2021, Plaintiff's annual base salary was $275,000. (Moltzan Decl. ¶ 4.) Thus, three months of salary as severance constitutes $68,750, and liquidated damages equal to treble the alleged unpaid severance constitute $206,250. Thus, a subset of the damages sought by Plaintiff for his breach-of-contract and DCWPCA claims alone[1] far exceeds the jurisdictional threshold of $75,000 for removal.

17.     Because diversity of citizenship exists and because the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a). This action is therefore a proper one for removal to this Court.

## III.     COMPLIANCE WITH STATUTORY REQUIREMENTS

18.     The Superior Court of the District of Columbia is located within the District of Columbia. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

19.     Attached collectively hereto as Exhibit A are the process, pleadings, and orders that Defendants have received to date in this action, as required by 28 U.S.C. § 1446(a).

20.     This Notice of Removal is timely under § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable," defendants may remove within thirty days of

---

[1]     In addition to his breach-of-contract and DCWPCA claims, Plaintiff asserts claims for discrimination and retaliation under the DCHRA, battery, and intentional infliction of emotional distress, seeking "[t]he maximum economic damages permissible by applicable law," including alleged back pay, compensatory damages for emotional distress, punitive damages, and attorneys' fees. (Compl., Prayer for Relief, at 29–30.)

receipt of "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

21.     Plaintiff's Complaint in this action was not removable, as Plaintiff joined PwC, a limited liability partnership with partner members residing in the District of Columbia, as a nondiverse defendant, thereby defeating diversity of citizenship.  *See C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (holding that limited partnerships have the citizenship of each of their partners); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 178 (D.D.C. 2003) (same).  Because at least one of PwC's partners resided in Washington, D.C., at the time of the filing of the Superior Court Action, PwC (like Plaintiff) had D.C. citizenship.  (Decl. of Kim Cirka ¶ 3 (attached hereto as Ex. C).)

22.     On April 21, 2022, Plaintiff, however, filed a voluntary notice of dismissal under D.C. Superior Court Civil Rule 41(a)(1)(A)(i), dismissing the nondiverse PwC, at which time this action first became removable.  If the plaintiff voluntarily dismisses a state action against the nondiverse defendant, creating complete diversity, the state action may be removed.  *Walter E. Campbell Co., Inc. v. Hartford Fin. Servs. Grp., Inc.*, 48 F. Supp. 3d 53 (D.D.C. 2014); *see also* 14C Wright & Miller, Fed. Prac. & Proc. § 3731 ("[A] change in the parties to the state court action through the plaintiff's voluntary dismissal of those defendants whose presence destroyed complete diversity of citizenship may make a previously unremovable action removable.").  This Notice of Removal is being filed within thirty days of Plaintiff's dismissal of claims against PwC, and well within one year following Plaintiff's commencement of this action.

23.     As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the District of Columbia.

## IV.    RESERVATION OF RIGHTS

24.    By removing this action, Defendants do not waive, and expressly preserve, any defenses that may exist, including, without limitation, that all the claims brought by Plaintiff are subject to mandatory, binding arbitration, as Defendants have asserted in their respective pending Motions to Compel Arbitration filed with the Superior Court.

25.    Defendants reserve the right to submit additional evidence in support of, and to amend, this Notice of Removal.

WHEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and Defendants remove this action to the United States District Court for the District of Columbia as an action properly removed under 28 U.S.C. §§ 1441 and 1446.


Dated: May 4, 2022                          Respectfully submitted,

GUIDEHOUSE INC.                             KIM CIRKA

By Counsel                                  By Counsel
*/s/ John W.H. Harding*                     */s/ Charles B. Molster, III*
John W.H. Harding (#1028734)                Charles B. Molster, III (#386821)
WINSTON & STRAWN LLP                        THE LAW OFFICES OF CHARLES B. MOLSTER,
1901 L St. NW                               III PLLC
Washington, DC 20036                        2141 Wisconsin Avenue, N.W., Suite M
(202) 282-5774 (telephone)                  Washington, DC 20007
(202) 282-5100 (fax)                        (202) 787-1312 (telephone)
Jwharding@winston.com                       cmolster@molsterlaw.com

*Attorneys for Defendant Guidehouse, Inc.*  *Attorneys for Defendant Kim Cirka*

6

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 4, 2022, a copy of the foregoing Notice of Removal was filed via the Court's CM/ECF system and was served via FedEx and electronic mail to counsel for Plaintiff:

Samuel J. Buffone, Jr. (#1721688)
John W. Black (#989303)
BLACK & BUFFONE PLLC
1400 Eye St. NW
Suite 200
Washington, D.C. 20005
(202) 997-8562
Sam@blackandbuffone.com
John@blackandbuffone.com

*Attorneys for Plaintiff, Kyle Reinhardt*

/s/ *John W.H. Harding*
John W.H. Harding