**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| KYLE REINHARDT,<br><br>   Plaintiff,<br><br> v.<br><br>GUIDEHOUSE, INC.; and<br><br>KIM CIRKA<br><br>   Defendants. | Civil Action No. 1:22-cv-1237-CKK<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants' actions in this case have created a confusing procedural posture, clouding an otherwise straightforward motion. Plaintiff Kyle Reinhardt provides the below summary to help clarify for the Court that there is no real dispute regarding Plaintiff's Motion for Leave to File Amended Complaint. Instead, Defendants obfuscate the record and distract from the real issue before the Court—namely, Defendants' attempt to force Plaintiff into arbitration using an agreement to which neither Defendant is a party.

On March 22, 2022, prior to removal to Federal Court, the parties filed a joint stipulation on a proposed briefing schedule in order to streamline the parties' dispute about arbitration. Dkt. 14 at 86. That schedule required Motions to Compel Arbitration and to Stay by April 1, 2022, a Consolidated Opposition to the Motions by April 22, 2022, and any Reply by May 5, 2022. *Id* at 87. Further, Plaintiff agreed that Defendants did not need to Answer or otherwise respond to the operative Complaint until on or before 21 days following the ruling on the Motions Compel Arbitration and to Stay. *Id.* The District of Columbia Superior Court granted the proposed briefing schedule on March 29, 2022. *Id.* at 90. On April 21, 2022, Plaintiff voluntarily dismissed his claims against Defendant PricewaterhouseCoopers LLP. Dkt. 14-1 at 35. On May 4, 2022, the remaining Defendants removed the case to this Court. Dkt. 14 at 8. On May 11, 2022, Defendants filed their Replies in Support of their Motions to Compel Arbitration and to Stay, dkts. 7 and 11, Defendant Cirka filed a Partial Motion to Dismiss, dkt. 12, and Defendant Guidehouse filed an Answer, dkt. 9. Defendants have not provided an explanation why their Reply was filed after the May 5, 2022, deadline, nor why Cirka filed a Partial Motion to Dismiss and Guidehouse filed an Answer, despite the court-ordered agreement that no responsive pleading was due until after the Court ruled on the Motion to Compel Arbitration and to Stay.

In response to the Partial Motion to Dismiss, Plaintiff sought to file an Amended Complaint which drops the assault count and adds a count for retaliation under the False Claims Act, 31 U.S.C. § 3730(h). Dkt. 18. Plaintiff does not dispute that the retaliation claims are arbitrable if an enforceable arbitration agreement exists. But, for the reasons previously stated in its Consolidation Opposition to the Motions to Compel Arbitration and to Stay, *see* dkt. at 14-1 at 38, no such agreement exists. While Defendants cite precedent that holds that were the Court to find an arbitration agreement exists, the proper result is for the Court to grant the motion to amend but stay any claim subject to arbitration, *Schwartz v. Urb. Compass, Inc.*, 2020 WL 1911560 (D.D.C. Apr. 20, 2020), Defendants seek to muddy the arbitration and amendment issue in their opposition to the instant motion. Other than the futility argument based on Defendants' incorrect view of the PwC Arbitration Agreement, Defendants do not oppose the Court granting Plaintiff leave to file his proposed Amended Complaint.

Plaintiff respectfully submits that the only real dispute between the parties is whether the parties have agreed to arbitrate any claims. The Court should therefore grant leave to file the Amended Complaint and, for the reasons previously stated, find that no enforceable agreement to arbitrate exists between the parties.

Dated: July 1, 2022               **BLACK & BUFFONE PLLC**

By:  *s/ Samuel J. Buffone, Jr.*
          Samuel J. Buffone, Jr.

Samuel J. Buffone, Jr.
D.C. Bar 1721688
John W. Black
D.C. Bar 989303
1400 Eye St. NW
Suite 200
Washington, D.C. 20005
Telephone: (202) 997-8562
Sam@blackandbuffone.com
John@blackandbuffone.com

*Attorneys for Plaintiff Kyle Reinhardt*

## CERTIFICATE OF SERVICE

      I certify that, on July 1, 2022, I caused this document to be filed electronically through the Court's electronic-filing system, which automatically sent a notice of electronic filing to all counsel of record.

                                                                         */s/ Samuel J. Buffone Jr.*
                                                                         Samuel J. Buffone Jr.